CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
10/19/2017
JULIA C. DUDLEY, CLERK
BY: s/ F. COLEMAN
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

CUNNINGHAM BROS. USED AUTO PARTS, INC.,

*Plaintiff,*

v.

ZURICH AMERICAN INSURANCE CO., ET AL,

*Defendant.*

CASE NO. 6:17–CV–00051

MEMORANDUM OPINION

JUDGE NORMAN K. MOON

Defendant Arrowhead General Insurance Agency ("Arrowhead") seeks dismissal of Plaintiff's, Cunningham Brothers Used Auto Parts, Inc. ("Cunningham"), complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for (1) failure to state a claim and (2) statute of limitations bar. (Dkt. 14). Because the complaint fails to allege a contract between Plaintiff and Arrowhead and, even if it did, this action would be barred by the three year statute of limitations,[1] the Court will grant Arrowhead's motion.

## I. Standard of Review

"In ruling on a 12(b)(6) motion, a court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cty., Md.*, 684 F.3d 462, 467 (4th Cir. 2012); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and

---

[1] There is no dispute that the terms of any alleged contract between Plaintiff and Arrowhead are not in writing. Thus, the three year statute of limitations pertaining to oral contracts is applicable. *See* Va. Code § 8.01-246(4).

1

a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted). Stated differently, in order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

## II. Facts as Alleged

### A. Contract Allegations

Plaintiff alleges that it contracted with Defendant Zurich American Insurance Company ("Zurich") for "Business Income Continuation" coverage. (Dkt. 1-1 ¶¶ 15, 18). It further alleges that it only contracted with Zurich because its agent promised that its coverage would be better at less cost than Plaintiff's existing coverage. Zurich's policy ("Initial Policy") was issued effective January 15, 2012. (*Id.* ¶ 18).

Zurich later notified Plaintiff by an email, dated October 8, 2012, that Arrowhead would "be handling all client customer service requests" for Zurich. (Dkt. 1-1 at ECF 16). The email stated Arrowhead, Zurich's largest partner, would be handling the "Sales, Underwriting, and Customer Service." (*Id.*) Plaintiff also received a "Customer Service Contacts Sheet," advising it of Arrowhead's relationship with Zurich as servicer of its policy, and containing the phrase, "We appreciate your business and look forward to talking with you soon." (*Id.* at ECF 17). Another letter from an Arrowhead underwriter, dated November 9, 2012, addressed Cunningham as a "Dear Valued Customer," and stated "I would like to take this opportunity to thank you for your business." (*Id.* at ECF 34).

**B.     The Coverage**

The Initial Policy contained Business Income Continuation coverage that provided two methods of calculating loss.[2] The formula resulting in the largest payment was to be used in paying a valid claim.

The aforementioned November 2012 letter regarded renewal of the policy effective January 15, 2013. (Dkt. 1-1 ¶ 22; *id*. at ECF 34–37). The letter contained a warning stating: "Important Notice" – "Endorsement 0128, BIC-Restricted Form, will be added to your Policy as we do not have a current financial statement. . . . This restricts coverage to the **lesser** of 1/30 of the monthly limit or the average daily gross profit for the preceding four months." (*Id*. ¶ 23–24 (emphasis original)). Thus, while Endorsement 0128 maintained the calculations utilized in the Initial Policy's original Business Income Continuation coverage, it notably changed the coverage formula from using the *greater* of two values to the *lesser* of two values. Endorsement 0128 remained part of the policy as it was renewed in January 2013 and again in January 2014. (*Id*. ¶ 30).

**C.     The Loss**

On November 2, 2014, a fire at Plaintiff's facilities caused business disruptions for over six months. (*Id*. ¶ 34). The Endorsement 0128 Business Income Continuation coverage (lesser formula) yielded no payment for the Plaintiff. (*Id*. ¶ 35). Plaintiff, however, would have received $865,000 under the original Business Income Continuation coverage (greater formula). (*Id*.)

---

[2] The calculations were: "1/30 of the monthly limit shown in the declarations, less the average daily GROSS PROFIT YOU actually earn following the LOSS;" and "the average daily GROSS PROFIT for the four calendar months immediately preceding the month of the LOSS, less the average daily GROSS PROFIT YOU actually earn following the LOSS." (Dkt. 1-1 at ECF 39).

### III. Analysis

#### A. Breach of Contract

"The elements of a breach of contract action are (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Filak v. George*, 267 Va. 612, 619 (Va. 2004). "A legally enforceable obligation is shown by establishing an offer, acceptance, and valuable consideration." *Dutan v. Sheet Metal Remodeling, LLC*, 48 F. Supp. 3d 860, 870 (E.D. Va. 2014). Thus, the "complaint must set forth the provisions of the contract and the terms of agreement upon which liability is predicated, either by express reference or by attaching a copy of the contract." *Tessler v. NBC Universal, Inc.*, No. CIV.A 2:08CV234, 2009 WL 866834, at *6 (E.D. Va. Mar. 31, 2009), *aff'd sub nom. Tessler v. Nat'l Broad. Co.*, 364 F. App'x 5 (4th Cir. 2010). There must also be "mutual assent of the contracting parties *to terms reasonably certain* under the circumstances in order to have an enforceable contract." *Allen v. Aetna Cas. & Sur. Co.*, 222 Va. 361, 364 (Va. 1981) (emphasis added). In other words, "[e]ach party must exchange promises in which each must be bound to act or refrain from acting." *Virginia Power Energy Mktg., Inc. v. EQT Energy, LLC*, No. 3:11CV630, 2012 WL 2905110, at *4 (E.D. Va. July 16, 2012).

Plaintiff's complaint contains only two paragraphs that directly address the existence of a contract between Arrowhead and Plaintiff. Paragraph 55 of the complaint states that a "contract existed between Cunningham and Arrowhead whereby Arrowhead was responsible for servicing Cunningham's insurance needs through Zurich and/or Universal." (Dkt. 1-1 ¶ 55). Paragraph 56 describes how Arrowhead allegedly breached the aforementioned contract by failing to perform three duties: (1) alert Cunningham of Endorsement 0128's negative impact on its coverage; (2)

prevent the endorsement from being added by having Plaintiff submit a statement of financial condition; and (3) ensure that Cunningham's original coverage remained intact. (*Id*. ¶ 56).

Plaintiff fails to allege any terms or conditions of a contract that required Arrowhead to perform any of the alleged duties. Further, Plaintiff fails to allege the terms of *any* contract between it and Arrowhead. As an initial matter, Paragraph 55 of the complaint is the same type of conclusory legal statement that, under *Twombly* and *Iqbal*, the Court does not give any weight. Simply alleging the existence of a contract, without more, is inadequate. Paragraph 56 is likewise conclusory. It merely describes actions by Arrowhead which, in retrospect, could have prevented the harm alleged. Cunningham's attempt to assert a breach of contract claim by imposing duties retroactively on Arrowhead sounds more of tort — not contract. Here, it is not plausible that Arrowhead had specific contractual duties related to Endorsement 0128, or providing financial statements, because by Plaintiff's own admission Arrowhead was not even aware of any past negotiations between Plaintiff and Zurich when Arrowhead took over Zurich's customer service.

The only factual allegation with respect to Arrowhead's duties is Zurich's notice that Arrowhead would be handling "Sales, Underwriting, and Customer Service" for Zurich. Assuming *arguendo* that Arrowhead's new role on behalf Zurich was an attempt at creating contractual duties between Arrowhead and Plaintiff, simply alleging that Arrowhead was responsible for these three broad departments is not sufficient to establish the "terms reasonably certain" required for a contract to exist. *Allen*, 222 Va. at 364.

Thus, considering the totality of the complaint and arguments presented by Plaintiff Cunningham, I conclude that it has failed to state a claim for breach of contract against Arrowhead.

**B.     Statute of Limitations**

Even if the existence of a contract had been properly pled, Plaintiff Cunningham's breach of contract claim is barred by the applicable three-year statute of limitations. Plaintiff concedes that the applicable statute of limitations is the three-year period for oral contracts under Va. Code § 8.01-246(4). (Dkt. 18 at 7). What is disputed, however, is whether the cause of action accrued at the time Cunningham first renewed the insurance contract containing Endorsement 0128 (January 15, 2013), or whether it accrued at the time of the fire (November 2, 2014). Because this suit was filed April 27, 2017 — more than three years after January 2013, but less than three years after November 2014 — this issue is dispositive.

A breach of contract claim accrues "when the breach of contract occurs . . . and not when the resulting damage is discovered." *See* Virginia Code § 8.01-230. Defendant rightly contends that the statute of limitations began running the moment the insurance contract in effect was signed. The Fourth Circuit has held under similar facts that the three year statute of limitations begins to run the date the insurance contract in question is issued. *Mulvey Const., Inc. v. Bituminous Cas. Corp.*, 571 Fed. Appx. 150, 162 (4th Cir. 2014) (holding under Virginia law that for oral contracts to procure insurance the statute of limitations begins to run on the date the insurance contract was issued). Arrowhead's alleged breach was its failure to adequately inform Plaintiff of the consequences of signing the insurance contract. According to Plaintiff's allegations, it lost its bargain to receive coverage equal to or better than what it had before Zurich.

Plaintiff, however, disagrees. Plaintiff contends a breach of contract cause of action does not accrue until there is "harm or damage to the plaintiff as a proximate consequence of the violation or breach." *Locke v. Johns-Manville Corp.*, 221 Va. 951, 957 (Va. 1981), *superseded by statute*, Virginia Code § 8.01-249(4), *as recognized in Kiser v. A.W. Chesteron Co.*, 285 Va.

12 (Va. 2013). Thus, Plaintiff argues there could have been no cause of action until there was actually harm to Plaintiff in the form of losing its expected insurance payout as a result of the loss.

The essential question is what is considered "damage" or "injury." The Supreme Court of Virginia has opined on the accrual of a cause of action in similar situations, stating:

> Some injury or damage, however slight, is essential to a cause of action, but it is immaterial that all the damages resulting from the injury do not occur at the time of the injury. The running of the limitation period will not be tolled by the fact that actual or substantial damages did not occur until a later date. Difficulty in ascertaining the existence of a cause of action is similarly irrelevant. This time-honored rule may produce inequities by triggering a statute of limitations when the injury or damage is unknown or difficult or even incapable of discovery, but we have long concluded that it is the role of the General Assembly, not the courts, to change a rule of law that has been relied upon by the bench and bar for many years.

*Van Dam v. Gay*, 280 Va. 457, 463 (Va. 2010). Accordingly, injury may give rise to a cause of action even if it "could not be delineated as a sum certain or reflected as a final judgment on the merits." *Shipman v. Kruck*, 267 Va. 495, 503 (Va. 2004). Simply stated, the statute of limitations starts to run at the first sign of injury — no matter how slight or minor.

Plaintiff further argues that Arrowhead's contractual duties were "ongoing," in that Arrowhead had the responsibility "to make certain that up to and including the 2014 Fire, Cunningham had the originally bargained for and originally received Business Income Continuation protection." (Dkt. 1-1 ¶ 56). Cunningham argues that Arrowhead's error in allowing it to proceed under Endorsement 0128 could have been rectified at any time, had Arrowhead simply instructed Cunningham to submit a current financial statement. (Dkt. 18 at 8). This ongoing duty, as Plaintiff argues, would have operated to restart the statute of limitations with each subsequent interaction with Arrowhead.

7

However, the "continuing undertaking doctrine," which is a "limited exception to the rule requiring strict construction of statutes of limitation," is inapplicable here. *Harris v. K & K Ins. Agency, Inc.*, 249 Va. 157, 161 (Va. 1995). The doctrine applies only where there is a "continuous or recurring course of professional services related to a particular undertaking," such as "professional services of physicians, attorneys, and accountants." *Id.* Virginia has explicitly rejected the application of this doctrine to "actions involving insureds' allegations of breach of contract against insurance agencies or their brokers" because "the services performed by an insurance broker ordinarily entail separate, independent acts involving an initial sale, a policy renewal, a policy change, or the processing of a claim." *Id*. at 162. The *Harris* decision applies with equal force here. In essence, Cunningham argues that Arrowhead was its insurance broker, which, as noted above, ultimately precludes use of the doctrine.

Because Plaintiff's cause of action accrued at the time it renewed the insurance contract containing Endorsement 0128, the statute of limitations for a breach of contract action against Arrowhead began running on January 15, 2013. The applicable three year limitations period found in Va. Code § 8.01-246(4) expired in January 2016, long before this action was filed in April 2017. Therefore, Plaintiff's claim is barred by Va. Code § 8.01-246(4) and Defendant Arrowhead's motion to dismiss will be granted.

## IV. Conclusion

Because the complaint fails to allege a contract between Plaintiff and Arrowhead and, even if it did, this action is barred by the three year statute of limitations, the Court will grant Arrowhead's motion and dismiss the case as to Arrowhead.

The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record.

Entered this 19th day of October, 2017.

                                                              /s/ Norman K. Moon
                                              NORMAN K. MOON
                                              UNITED STATES DISTRICT JUDGE